**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ESTATE OF JAMES EDWARD STOKES, JR.,**

**Plaintiff,**

**v.** **Case No. 26-CV-1010**

**CITY OF MILWAUKEE, *et al.*,**

**Defendants.**

# ORDER

On June 5, 2026, the Estate of James Edward Stokes, Jr. filed a complaint against the City of Milwaukee and six individual defendants: Peter Knox, Jeffrey Norman, Shane Doughty, Brett Stegerwald, Andrew Fuerte, and Alex Bartoshevich. (ECF No. 1.) The Estate alleges that defendants Doughty, Stegerwald, Fuerte, and Bartoshevich violated the Fourteenth Amendment right to substantive due process, that the City is liable for failure to train and unconstitutional customs, and that defendants Norman and Knox are liable for supervisory misconduct under 42 U.S.C. § 1983. (ECF No. 1, ¶¶ 45–66.)

On September 4, 2026, the individual defendants moved to dismiss the complaint against them for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 6.) The Estate has not responded to the motion to dismiss

even though its deadline to do so passed nearly three weeks ago. *See* Civ. L.R. 7(b). All parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 11.)

After commencing a federal lawsuit the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (internal citations omitted). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). "If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden [of perfecting service within ninety days after filing the complaint] and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.*; *see also* Fed. R. Civ. P. 4(m).

The individual defendants argue that the Estate has failed to effect service of process on them and cannot establish good cause for that failure. (ECF No. 7 at 3–6.) Because the Estate filed the complaint on June 5, 2026, the ninety-day period for service expired at the end of the day on September 3, 2026 (the day before the individual defendants filed this motion). The individual defendants state that they have not been served with the summons or complaint nor have they received a request to waive service. (*Id.* at 4.) They also point out that the plaintiff has not filed a proof of service as to any of them in this case. (*Id.*)

After the Estate's deadline to respond to the motion to dismiss expired, the individual defendants filed a reply brief in support of their motion. (ECF No. 13.) They contend that the court should deem the motion unopposed and dismiss them from this lawsuit. (*Id.* at 2.) The individual defendants also request that dismissal be granted on the merits because, at the time of filing the reply brief, they still had not been served with the summons or complaint or received any request to waive service. (*Id.*) They contend that the Estate cannot, and has not even attempted to, identify any evasion of service or other impediment that prevented timely service. (*Id.* at 2–3.)

Given the Estate's silence on the matter, the court accepts the individual defendants' representation that they have not been served. As such, the Estate has failed to establish proper service of process on the six individual defendants.

Finding that the Estate has failed to meet its burden of establishing service on the individual defendants, the court may dismiss the action against them without prejudice or order that service be made within a specific time. Fed. R. Civ. P. 4(m). There is no good cause to afford an extension because the Estate has shown a lack of diligence by failing to respond to the motion to dismiss. Accordingly, the court will not extend the time for the Estate to complete service on the individual defendants.

**IT IS THEREFORE ORDERED** that the individual defendants' motion to dismiss (ECF No. 6) is **GRANTED**. Defendants Peter Knox, Jeffrey Norman, Shane Doughty, Brett Stegerwald, Andrew Fuerte, and Alex Bartoshevich shall be dismissed from this action without prejudice.

Dated at Milwaukee, Wisconsin this 15th day of October, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge